UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>                 Plaintiff,<br><br>  - against -<br><br>CITY OF YONKERS, VEHICLE TRACKING SOLUTIONS, LLC,<br><br>                 Defendants,<br><br>and<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br>                 Defendant-Intervenor. | ECF Case<br><br>Civil Action No. 1:12-CV-07734 (KBF)<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

Defendant/Counterclaimant American Traffic Solutions ("ATS"), by and through its undersigned counsel, hereby answers the *Amended Complaint* filed by Plaintiff Joao Control & Monitoring Systems, LLC ("Joao" or "Plaintiff").

For ease of reference, the paragraph numbering herein tracks that of the Amended Complaint. Insofar as the Amended Complaint contains allegations or inferences, whether direct or indirect, that are not specifically admitted herein, they are denied.

## NATURE OF THE ACTION

1. The allegations set forth in this paragraph of the Amended Complaint are conclusions of law, to which no response is required. To the extent a further response is required, ATS admits that the Amended Complaint purports to state claims for patent infringement arising under the patent laws of the United States and that Plaintiff has requested injunctive relief and monetary damages in the Amended Complaint. ATS denies the remainder of the allegations set forth in paragraph 1 of the Amended Complaint.

## PARTIES

2.   ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

3.   ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

4.   ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

5.   ATS admits that it is a corporation organized and existing under the laws of the State of Kansas.  ATS denies the remaining allegations set forth in this paragraph of the Amended Complaint.

## JURISDICTION AND VENUE

6.   The allegations set forth in this paragraph of the Amended Complaint are conclusions of law, to which no response is required.  To the extent a further response is required, ATS admits that this action arises under the patent laws of the United States and that subject matter jurisdiction over this controversy is proper before this Court.

7.   The allegations set forth in this paragraph of the Amended Complaint are conclusions of law, to which no response is required.  To the extent a further response is required, ATS denies each and every allegation set forth in paragraph of the Amended Complaint.

8.   ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

9.   The allegations set forth in this paragraph of the Amended Complaint are conclusions of law, to which no response is required.  To the extent a further response is

required, ATS admits that venue is proper before this Court as to ATS, because ATS has waived any objection to venue by seeking to intervene in this action.

## COUNT I

10. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

11. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

12. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

13. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

14. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

15. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

16. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

17. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

18. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

19. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

20. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

21. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

## COUNT II

22. ATS incorporates by reference its answers to paragraphs 1 through 21 of the Amended Complaint, as if fully set forth herein.

23. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

24. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

25. ATS admits that it became aware of the existence of United States Patent Nos. 6,587,046 ("the '046 patent") or 7,277,010 ("the '010 patent") (referred to hereafter collectively as the "the Patents-in-Suit") as a result of communications with the City of Yonkers ("Yonkers") relating to this action. ATS denies the remaining allegations set forth in this paragraph of the Amended Complaint.

26. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

27. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

28. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

29. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

30. ATS denies each and every allegation set forth in this paragraph of the Amended Complaint.

## **COUNT III**

31. ATS incorporates by reference its answers to paragraphs 1 through 30 of the Amended Complaint, as if fully set forth herein.

32. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

33. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

34. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

35. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

36. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

37. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

38. ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

39.     ATS lacks personal knowledge or information sufficient to admit or form a belief as to the truth of the allegations set forth in this paragraph of the Amended Complaint and, therefore, denies the same.

## JURY DEMAND

40.     ATS admits that Plaintiff has requested a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

ATS incorporates by reference herein each and every allegation above.

41.     The Amended Complaint fails to state a claim upon which relief can be granted.

42.     Plaintiff lacks standing and/or subject matter jurisdiction to assert the causes of action asserted in the Complaint.

43.     Plaintiff is not the real party in interest to the asserted rights.

44.     The Amended Complaint is defective as one or more necessary and/or indispensable parties is missing.

45.     ATS has not infringed any claim of United States Patent Nos. 6,587,046 ("the '046 patent") or 7,277,010 ("the '010 patent") (collectively "the Patents-in-Suit"), directly, contributorily or by inducement, including because ATS's accused red light camera system, under an appropriate claim construction, lacks one or more elements required by one or more claims of the Patents-in-Suit, including the following examples:

    A.     ATS's accused system lacks a camera, an audio recording device, a tape recorder, or video recording device located at a vehicle or a premises;

    B.     ATS's accused system does not transmit audio or video information in response to a signal sent from a communication device;

    C.     ATS's accused system does not transmit audio or video information from a processing device to a communication device over the Internet or over the World Wide Web;

    D.     ATS's accused system lacks a processing device located remote from the camera and audio or video recording device;

  E. ATS's accused system lacks a transmitter that transmits audio or video information to a processing device; and

  F. ATS's accused system lacks a processing device associated with a website.

46. The claims of the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 102, 103, 112, and/or 116, including because the claims of the Patents-in-Suit are anticipated by or obvious in light of, for example, one or more of the following prior art references, individually or in combination, in addition to those references cited during prosecution of the Patents-in-Suit, the references listed on the face of each of the Patents-in-Suit, and the references cited in each of the listed references below:

**Patents:**

  U.S. Patent No. 4,831,438 issued to Bellman; European Patent No. EP0604009 issued to Bowater; U.S. Patent No. 3,482,037 issued to Brown; U.S. Patent No. 4,522,146 issued to Carlson; U.S. Patent No. 5,553,609 issued to Chen; U.S. Patent No. 4,857,912 issued to Everett; U.S. Patent No. 4,420,238 issued to Felix; European Patent No. EP0232031A1 issued to Hale; U.S. Patent No. 4,347,590 issued to Heger; U.S. Patent No. 5,745,161 issued to Ito; U.S. Patent No. 5,850,250 issued to Konopka; U.S. Patent No. 5,263,396 issued to Ladan; U.S. Patent No. 5,202,759 issued to Laycock; U.S. Patent No. 5,786,746 issued to Lombardo; U.S. Patent No. 4,772,875 issued to Maddox; U.S. Patent No. 5,838,250 issued to Maekawa; U.S. Patent No. 4,326,221 issued to Mallos; U.S. Patent No. 6,037,977 issued to Peterson; U.S. Patent No. 4,789,904 issued to Peterson; U.S. Patent No. 5,027,104 issued to Reid; U.S. Patent No. 4,511,886 issued to Rodriguez; U.S. Patent No. 5,519,669 issued to Ross; U.S. Patent No. 4,785,472 issued to Shapiro; U.S. Patent No. 5,568,535 issued to Sheffen; U.S. Patent No. 5,056,136 issued to Smith; U.S. Patent No. 5,736,927 issued to Stebbins; U.S. Patent No. 5,689,442 issued to Swanson; U.S. Patent No.

5,708,417 issued to Tallman; U.S. Patent No. 5,382,943 issued to Tanaka; U.S. Patent No. 4,651,143 issued to Yamanaka; and U.S. Patent No. 5,619,183 issued to Ziegra.

**Non-Patent Literature:**

London, Howard S. et al., "A Description of the A.T.&T. Video Teleconferencing System", 1981, IEEE, U.S.; Schulzrinne, Henning, et al., Personal Mobility for Multimedia Services in the Internet, 1995, available at http://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.31.7277&rep=rep1&type=pdf; and Scott, Automation in Construction, Volume 1, Issue 3, December 1992, Pages 267-284.

**Other Prior Art:**

http://www.cl.cam.ac.uk/coffee/qsf/timeline.html;

http://www.cl.cam.ac.uk/coffee/qsf/cacm200107.html;

http://www.cl.cam.ac.uk/coffee/qsf/coffee.html;

http://www.geektimes.com/michael/CUSeeMe/internetTVwithCUSeeMe/chapter08/culture.html;

http://www.virtualschookedu/mon/Academia/GlobalSchoolhouseProject.html;

http://web.archive.org/web/19970418025505/cu-seeme.cornell.edu/Welcome.html;

http://web.archive.org/web/19970418025546/cuseeme.cornell.edu/DorceyConnexions.html; and

http://www.savetz.com/mbone/ch2.html.

47. Plaintiff's alleged rights in the Patents-in-Suit are unenforceable because Plaintiff has misused the Patents-in-Suit by wrongfully alleging and asserting claims of infringement against ATS, Yonkers, and third parties when Plaintiff knew or should have known that such claims were not supported by a proper infringement, validity, and enforceability analysis and

that, had such a proper analysis been performed, Plaintiff would never have initiated legal action against ATS, Yonkers, or third parties.

48. Plaintiff's claims are barred by the immunity of one or more defendants.

49. Plaintiff's claims are barred by the doctrines of patent exhaustion and patent misuse.

50. Plaintiff's claims are barred by Plaintiff's own fault and wrongdoing.

51. Plaintiff's claims for damages are precluded or limited by 35 U.S.C. § 287.

52. To the extent Plaintiff has suffered any damages, such damages were caused by Plaintiff's own fault, nonfeasance, and malfeasance arising out of their acts and omissions.

53. To the extent Plaintiff has suffered any damages, such damages are barred or limited by Plaintiff's failure to timely mitigate.

54. To the extent Plaintiff has suffered any damages, such damages are offset and set off.

55. Plaintiff's claims are barred as a result of Plaintiff's unclean hands.

56. Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, waiver, and ratification.

57. Plaintiff is not entitled to enhanced or increased damages because ATS has not engaged in conduct that meets the applicable standard for willful infringement.

58. Plaintiff is not entitled to injunctive relief because Plaintiff has not suffered any immediate or irreparable injury.

ATS reserves the right to assert additional and revised defenses discovered and developed during the pendency of this action.

## COUNTERCLAIMS

Counterclaim–Plaintiff American Traffic Solutions, Inc. ("ATS"), as and for its counterclaims against Counterclaim-Defendant Joao Control & Monitoring Systems, LLC ("Joao" or "Counterclaim-Defendant") alleges as follows:

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS — 9
73677811.1 0009610-00031

## PARTIES

59. This is an action for declaratory judgment pursuant to the Patent Laws of the United States.

60. ATS is a corporation incorporated under the laws of the State of Kansas with its principal place of business in Tempe, Arizona.

61. On information and belief, Counterclaim-Defendant is a limited liability company organized and existing under the laws of the State of Delaware with a place of business in Yonkers, New York.

## JURISDICTION AND VENUE

62. These counterclaims are brought under the Declaratory Judgment Act, pursuant to 28 U.S.C. §§ 2201 and 2202, seeking adjudication that U.S. Patent Nos. 6,587,046 ("the '046 patent") and 7,277,010 ("the '010 patent") (collectively "the Patents-in-Suit") are not infringed, not valid, and/or not enforceable.

63. The Court has personal jurisdiction over Counterclaim-Defendant by virtue of its having filed this action in this judicial district and by virtue of its filing of previous lawsuits against other entities it alleges to have infringed the Patents-in-Suit in this judicial district.  The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

64. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) and because Counterclaim-Defendant brought the underlying action for alleged infringement of the Patents-in-Suit by ATS in this judicial district.

## ACTUAL CASE AND CONTROVERSY

65. Counterclaim-Defendant has alleged that it owns all right title and interest in the Patents-in-Suit.

66. Counterclaim-Defendant has charged ATS and ATS's customer, the City of Yonkers, New York ("Yonkers") with infringement of the Patents-in-Suit in this action.  ATS

and Yonkers have denied these allegations. On February 15, 2013, after this action was filed and after ATS came forward and requested to intervene in this action, Counterclaim-Defendant brought a second, duplicative action, captioned *Joao Control & Monitoring Systems, LLC v. American Traffic Solutions, Inc.*, Case No. 1:13-cv-00243, in the U.S. District Court for the District of Delaware, alleging that ATS has infringed the same Patents-in-Suit at issue in this action, including with respect to ATS's AutoPatrol, CrossingGuard, CleanSweep, SafeTrax, and Axsis Bus Lane Compliance System products and services.

67. There is a substantial, justiciable, and continuing controversy between the parties as to the non-infringement, invalidity, and unenforceability of the Patents-in-Suit.

68. ATS, Yonkers, and the public interest will be damaged by the charges of infringement and will be irreparably harmed if the existing controversy between the parties is not promptly adjudicated.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

69. ATS reasserts and incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

70. ATS has not made, used, sold, offered for sale, or imported into the United States any product or practiced any method that infringes any claim of the Patents-in-Suit. The ATS products and services accused of infringement by Counterclaim-Defendant, including ATS's red light camera systems, the associated website at www.violationinfo.com, and ATS's AutoPatrol, CrossingGuard, CleanSweep, SafeTrax, and Axsis Bus Lane Compliance System products and services (collectively "the ATS Accused Products"), do not infringe any claim of the Patents-in-Suit.

71. ATS has not provided, sold or supplied any non-staple article or component specially adapted to practice an invention that infringes any claim of the Patents-in-Suit.

72. ATS has not taught, aided or abetted others in practicing an invention that infringes any claim of the Patents-in-Suit.

73. The ATS Accused Products do not infringe the Patents-in-Suit, directly, contributorily or by inducement. Among other grounds for non-infringement, each of the ATS Accused Products, under an appropriate claim construction, lacks one or more elements required by one or more claims of the Patents-in-Suit, including the following examples:

    A. One or more of the ATS Accused Products lacks a camera, an audio recording device, a tape recorder, or video recording device located at a vehicle or a premises;

    B. One or more of the ATS Accused Products does not transmit audio or video information in response to a signal sent from a communication device;

    C. One or more of the ATS Accused Products does not transmit audio or video information from a processing device to a communication device over the Internet or over the World Wide Web;

    D. One or more of the ATS Accused Products lacks a processing device located remote from the camera and audio or video recording device;

    E. One or more of the ATS Accused Products lacks a transmitter that transmits audio or video information to a processing device; and

    F. One or more of the ATS Accused Products lacks a processing device associated with a website.

74. As a result, ATS requests a declaratory judgment that it has not infringed any claim of the '046 patent or the '010 patent.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

75. ATS reasserts and incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

76. The claims of the Patents-in-Suit are invalid under the United States patent laws, 35 U.S.C. § 1 *et seq.*, including for failure to meet the requirements for patentability as set forth in, *inter alia*, 35 U.S.C. § 102 and the corresponding patent regulations set forth in the Code of

Federal Regulations, 37 C.F.R. § 1.1, *et seq*. Among other grounds for invalidity, the claims of the patents in suit are anticipated by the prior art, including one or more of the following prior art references, individually or including material incorporated by reference, in addition to those references cited during prosecution of the Patents-in-Suit, the references listed on the face of each of the Patents-in-Suit, and the references cited in each of the listed references below:

**Patents:**

U.S. Patent No. 4,831,438 issued to Bellman; European Patent No. EP0604009 issued to Bowater; U.S. Patent No. 3,482,037 issued to Brown; U.S. Patent No. 4,522,146 issued to Carlson; U.S. Patent No. 5,553,609 issued to Chen; U.S. Patent No. 4,857,912 issued to Everett; U.S. Patent No. 4,420,238 issued to Felix; European Patent No. EP0232031A1 issued to Hale; U.S. Patent No. 4,347,590 issued to Heger; U.S. Patent No. 5,745,161 issued to Ito; U.S. Patent No. 5,850,250 issued to Konopka; U.S. Patent No. 5,263,396 issued to Ladan; U.S. Patent No. 5,202,759 issued to Laycock; U.S. Patent No. 5,786,746 issued to Lombardo; U.S. Patent No. 4,772,875 issued to Maddox; U.S. Patent No. 5,838,250 issued to Maekawa; U.S. Patent No. 4,326,221 issued to Mallos; U.S. Patent No. 6,037,977 issued to Peterson; U.S. Patent No. 4,789,904 issued to Peterson; U.S. Patent No. 5,027,104 issued to Reid; U.S. Patent No. 4,511,886 issued to Rodriguez; U.S. Patent No. 5,519,669 issued to Ross;  U.S. Patent No. 4,785,472 issued to Shapiro;  U.S. Patent No. 5,568,535 issued to Sheffen; U.S. Patent No. 5,056,136 issued to Smith; U.S. Patent No. 5,736,927 issued to Stebbins; U.S. Patent No. 5,689,442 issued to Swanson; U.S. Patent No. 5,708,417 issued to Tallman; U.S. Patent No. 5,382,943 issued to Tanaka; U.S. Patent No. 4,651,143 issued to Yamanaka; and U.S. Patent No. 5,619,183 issued to Ziegra.

**Non-Patent Literature:**

London, Howard S. et al., "A Description of the A.T.&T. Video Teleconferencing System", 1981, IEEE, U.S.; Schulzrinne, Henning, et al., Personal Mobility for Multimedia Services in the Internet, 1995, available at http://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.31.7277&rep=rep1&type=pdf; and Scott, Automation in Construction, Volume 1, Issue 3, December 1992, Pages 267-284.

**Other Prior Art:**

http://www.cl.cam.ac.uk/coffee/qsf/timeline.html;

http://www.cl.cam.ac.uk/coffee/qsf/cacm200107.html;

http://www.cl.cam.ac.uk/coffee/qsf/coffee.html;

http://www.geektimes.com/michael/CUSeeMe/internetTVwithCUSeeMe/chapter08/culture.html;

http://www.virtualschookedu/mon/Academia/GlobalSchoolhouseProject.html;

http://web.archive.org/web/19970418025505/cu-seeme.cornell.edu/Welcome.html;

http://web.archive.org/web/19970418025546/cuseeme.cornell.edu/DorceyConnexions.html; and

http://www.savetz.com/mbone/ch2.html.

77. The claims of the Patents-in-Suit are invalid under the United States patent laws, 35 U.S.C. § 1 *et seq.*, including for failure to meet the requirements for patentability as set forth in, *inter alia*, 35 U.S.C. § 103 and the corresponding patent regulations set forth in the Code of Federal Regulations, 37 C.F.R. § 1.1, *et seq.* Among other grounds for invalidity, the claims of the patents in suit are obvious in light of, for example, one or more of the following prior art references, individually or in combination, in addition to those references cited during prosecution of the Patents-in-Suit, the references listed on the face of each of the Patents-in-Suit, and the references cited in each of the listed references below:

**Patents:**

U.S. Patent No. 4,831,438 issued to Bellman; European Patent No. EP0604009 issued to Bowater; U.S. Patent No. 3,482,037 issued to Brown; U.S. Patent No. 4,522,146 issued to Carlson; U.S. Patent No. 5,553,609 issued to Chen; U.S. Patent No. 4,857,912 issued to Everett; U.S. Patent No. 4,420,238 issued to Felix; European Patent No. EP0232031A1 issued to Hale; U.S. Patent No. 4,347,590 issued to Heger; U.S. Patent No. 5,745,161 issued to Ito; U.S. Patent No. 5,850,250 issued to Konopka; U.S. Patent No. 5,263,396 issued to Ladan; U.S. Patent No. 5,202,759 issued to Laycock; U.S. Patent No. 5,786,746 issued to Lombardo; U.S. Patent No. 4,772,875 issued to Maddox; U.S. Patent No. 5,838,250 issued to Maekawa; U.S. Patent No. 4,326,221 issued to Mallos; U.S. Patent No. 6,037,977 issued to Peterson; U.S. Patent No. 4,789,904 issued to Peterson; U.S. Patent No. 5,027,104 issued to Reid; U.S. Patent No. 4,511,886 issued to Rodriguez; U.S. Patent No. 5,519,669 issued to Ross;  U.S. Patent No. 4,785,472 issued to Shapiro;  U.S. Patent No. 5,568,535 issued to Sheffen; U.S. Patent No. 5,056,136 issued to Smith;  U.S. Patent No. 5,736,927 issued to Stebbins; U.S. Patent No. 5,689,442 issued to Swanson; U.S. Patent No. 5,708,417 issued to Tallman; U.S. Patent No. 5,382,943 issued to Tanaka; U.S. Patent No. 4,651,143 issued to Yamanaka; and U.S. Patent No. 5,619,183 issued to Ziegra.

**Non-Patent Literature:**

London, Howard S. et al., "A Description of the A.T.&T. Video Teleconferencing System", 1981, IEEE, U.S.; Schulzrinne, Henning, et al., Personal Mobility for Multimedia Services in the Internet, 1995, available at http://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.31.7277&rep=rep1&type=pdf; and Scott, Automation in Construction, Volume 1, Issue 3, December 1992, Pages 267-284.

**Other Prior Art:**

> http://www.cl.cam.ac.uk/coffee/qsf/timeline.html;
>
> http://www.cl.cam.ac.uk/coffee/qsf/cacm200107.html;
>
> http://www.cl.cam.ac.uk/coffee/qsf/coffee.html;
>
> http://www.geektimes.com/michael/CUSeeMe/internetTVwithCUSeeMe/chapter08/culture.html;
>
> http://www.virtualschookedu/mon/Academia/GlobalSchoolhouseProject.html;
>
> http://web.archive.org/web/19970418025505/cu-seeme.cornell.edu/Welcome.html;
>
> http://web.archive.org/web/19970418025546/cuseeme.cornell.edu/DorceyConnexions.html; and
>
> http://www.savetz.com/mbone/ch2.html..

78. The claims of the Patents-in-Suit are invalid under the United States patent laws, 35 U.S.C. § 1 *et seq.*, including for failure to meet the requirements for patentability as set forth in, *inter alia*, 35 U.S.C. § 112 and the corresponding patent regulations set forth in the Code of Federal Regulations, 37 C.F.R. § 1.1, *et seq.*

79. The claims of the Patents-in-Suit are invalid under the United States patent laws, 35 U.S.C. § 1 *et seq.*, including for failure to meet the requirements for patentability as set forth in, *inter alia*, 35 U.S.C. § 116 and the corresponding patent regulations set forth in the Code of Federal Regulations, 37 C.F.R. § 1.1, *et seq.*

80. As a result, ATS requests a declaratory judgment that the claims of the '046 patent and the '010 patent are invalid.

## COUNT III
## DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY

81. ATS reasserts and incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

82. Pursuant to Counterclaim-Defendant's monetization and licensing campaign for the '046 and '010 patents, Counterclaim-Defendant has filed at least 15 separate lawsuits and has threatened, sued, and/or licensed over 42 separate entities representing, *inter alia*, the adult entertainment, car manufacturing, electronics, home security, vehicle diagnostics, and software industries. Counterclaim-Defendant's patent monetization and licensing campaign for the Patents-in-Suit are based on an overbroad interpretation of the patent claims.

83. Counterclaim-Defendant has misused the Patents-in-Suit by wrongfully alleging and asserting claims of infringement against ATS, Yonkers, and third parties when Counterclaim-Defendant knew or should have known that such claims were not supported by a proper infringement, validity, and enforceability analysis and that, had such a proper analysis been performed, Counterclaim-Defendant would never have initiated legal action against ATS, Yonkers, or third parties.

84. As a result of Counterclaim-Defendant's patent misuse, ATS seeks a declaratory judgment that the '046 patent and the '010 patent are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant ATS prays for judgment as follows:

1. dismissal of the *Amended Complaint* with prejudice such that Plaintiff takes nothing by virtue thereof;

2. entry of declaratory judgment that the claims of the Patents-in-Suit are not infringed;

3. entry of declaratory judgment that the claims of the Patents-in-Suit are invalid;

4. entry of declaratory judgment that the Patents-in-Suit are unenforceable;

5. entry of a temporary restraining order, preliminary injunction, and permanent injunction enjoining Plaintiff (and its directors, officers, agents, servants, employees, attorneys, and those in active concert or participation with them) from making statements, implications, threats, or claims against ATS or Yonkers (or their directors, officers, agents, servants,

employees, attorneys, customers, business partners, and those in active concert or participation with either of them) based on alleged infringement of the Patents-in-Suit;

      6.      entry of an order declaring this case to be an exceptional case;

      7.      ordering Plaintiff to pay to ATS the costs of defending this action, including but not limited to attorneys' fees and costs as allowed by governing statute, rule, and other legal authority; and

      8.      awarding ATS such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

ATS demands a trial by jury as to all issues so triable.

DATED this 15th day of April, 2013.

Respectfully submitted,

/s/ Brian C. Park_____
Brian C. Park (*pro hac vice*)
Nathan C. Brunette (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA  98101
Tel.:  (206) 386-7542
Fax:  (206) 386-7500

Brian T. Belowich (BB 6910)
DelBello Donnellan Weingarten Wise &
Wiederkehr, LLP
1 North Lexington Ave.
White Plains, New York 10601
Tel.:  (914) 681-0200

Attorneys for Defendant American Traffic Solutions, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** on the following named persons on the date indicated below by

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ overnight delivery

☐ email

☒ notice of electronic filing using the Cm/ECF system

to said persons a true copy thereof, contained in a sealed envelope, addressed to said persons at his or her last-known addresses indicated below.

    Thomas A. O'Rourke
    Bodner & O'Rourke
    425 Braodhollow Road, Suite 120
    Melville, New York 11747
    torourke@bodnerorourke.com
    Attorneys for Defendants Vehicle Tracking Solutions, LLC

    Maureen V. Abbey
    Heninger Garrison Davis, LLC
    220 Saint Paul Street
    Westfield, NJ  07090
    maureen@hgdlawfirm.com
    Attorney for Plaintiff Joao Control & Monitoring Systems, LLC

    Steven W. Ritcheson
    Heninger Garrison Davis, LLC
    9800 D Topanga Canyon Blvd., #347
    Chatsworth, CA  91311
    switcheson@hgdlawfirm.com
    Attorney for Plaintiff Joao Control & Monitoring Systems, LLC

    Law Offices of George N. Proios, PLLC
    George N. Proios (GP-9331)
    65 West 36th Street, 7th Floor
    New York, NY  10018
    gnp@gnproios.com
    Attorney for Plaintiff Joao Control & Monitoring Systems, LLC

Alexandra Capachietti
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
acapachietti@burnslev.com
Attorney for City of Yonkers

Brian Todd Belowich
DelBello Donnellan Weingarten Wise
 & Wiederkehr, L.L. P.
One North Lexington Avenue
The Gateway Building
White Plains, NY  10601
btb@ddw-law.com
Attorney for City of Yonkers

Howard J. Susser
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
hsusser@burnslev.com
Attorney for City of Yonkers

DATED:  April 15, 2013.

        STOEL RIVES LLP

        s/ Brian C. Park
        BRIAN C. PARK
        (p*ro hac vice*)
        Telephone:  (503)-224-3380

        Attorneys for Defendant American Traffic
          Solutions Inc.